IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN R. MITCHELL d/b/a ABSTRACT STUDIOS, | ) ) ) |
| Plaintiff, | ) Case No. |
| v. | ) ) ) |
| HERITAGE HOME GROUP, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Stephen R. Mitchell d/b/a Abstract Studios, ("Abstract"), by and through its undersigned attorneys, and for its Complaint against Defendant, Heritage Home Group, LLC ("Defendant" or "Heritage"), alleges as follows:

### INTRODUCTION

1. Abstract is the owner of 195 copyrighted photographs of furniture pieces (the "Abstract Photographs") that are being unlawfully used, published and displayed by Heritage and its related companies in various forms of media throughout the United States in order to market its furniture products. Abstract has demanded that Heritage stop using, displaying and otherwise infringing on the copyrighted Abstract Photographs. Heritage, however, has ignored these demands and has continued to unlawfully use, publish and display the Abstract Photographs, including in its catalogs and on its websites. Heritage has also transferred the Abstract Photographs to over forty retailers and consignors who are also using and displaying the photographs in their marketing and advertising materials. Through its willful conduct, Heritage continues to profit from Abstract's intellectual property. Heritage's conduct must immediately be stopped and Abstract must be compensated for Heritage's willful acts of infringement.

## THE PARTIES

2. Plaintiff Abstract Studios is a sole proprietorship owned by Stephen R. Mitchell who is a citizen of the state of North Carolina. Stephen R Mitchell is the sole owner of the Abstract Photographs.

3. Defendant Heritage Home Group, LLC is a Delaware limited liability company with a place of business in High Point, North Carolina. Heritage does business in Chicago and throughout the United States through its subsidiary and related companies. Heritage derives revenue from goods and/or services provided to customers through its promotional materials, marketing materials, mobile devices, Internet websites and the Internet website of the companies that it owns and controls, including but not limited to: drexelheritage.com, broyhillfurniture.com, henredon.com, hickorychair.com, labargeinc.com, lanefurniture.com, laneventure.com, thomasville.com, maitland-smith.com, pearsonco.com, renovationsfurniture.com, thomasvillecabinetry.com and thomasvillelighting.com (collectively, the "Heritage Sites"). As part of its advertising and promotional campaign, Heritage has displayed and published, and continues to display and publish, the Abstract Photographs in Chicago and throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

4. This action arises under the Acts of Congress relating to the copyright laws of the United States, Title 17 U.S.C. §101 *et seq.*, and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §1331 and §1338 because this action involves federal questions of law.

5. This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. §1338(b) and §1367(a).

6. Heritage is subject to this Court's jurisdiction because it does substantial business in this district and it regularly solicits business from, does business with, and derives revenue from goods and/or services provided to customers in this district, including through the Heritage Sites. As such, Heritage should reasonably expect that its activities might have consequences herein.

7. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §1391(b) (2) and (c) and §1400.

### FACTUAL BACKGROUND

**A. Abstract's Business and Copyrighted Photographs**

8. In 1987, Broyhill Furniture Industries, Inc. ("Broyhill") engaged Abstract to photograph furniture pieces manufactured and marketed by Broyhill. Broyhill used the photographs in its marketing and promotions materials, which at first was limited to print media, and then with the birth of the Internet, expanded to Broyhill's Internet websites.

9. As part of its engagement with Broyhill, Abstract took photographs of certain Broyhill furniture pieces that are included in the Abstract Photographs. Abstract then provided the photographs to Broyhill in a digital format, along with the agreement. (*See* Abstract's Invoices to Broyhill for the Abstract Photographs, attached as Exhibit A.) Under the terms of the agreement, the parties agreed that Abstract remained the sole owner of the Abstract Photographs and that Broyhill's right to use and display Abstract's photographs was conditioned on full payment for the Abstract Photographs by Broyhill. (Exhibit A.)

10. Thereafter, in 2011, Abstract was engaged by HDM Furniture Industries, Inc. ("Drexel") to photograph various Drexel furniture pieces for use in Drexel's marketing and promotional materials, mobile devices, including Internet websites. Abstract was also engaged to photograph Drexel furniture pieces, which are included in the Abstract Photographs. After taking

3

the photographs, Abstract provided images to Drexel in digital format, along with the agreement. (*See* Abstract's Invoices to Drexel for the Abstract Photographs, attached as Exhibit B.) Like its agreement with Broyhill, Abstract and Drexel agreed that Abstract remained the sole owner of the Abstract Photographs and that Drexel's right to use and display Abstract's photographs was conditioned on full payment for the Abstract Photographs by Drexel. (Exhibit B.) Like it did with Broyhill, Abstract would then invoice Drexel and in return, would receive payment for the photographs.

11. Neither Broyhill nor Drexel paid Abstract for the Abstract Photographs, despite their obligation to do so. Nor did Abstract grant either Broyhill or Drexel permission or the rights to use, display or publish the Abstract Photographs in the absence of payment.

12. Upon information and belief, at all times relevant to this action, Furniture Brands International, Inc. was the parent company of, or otherwise affiliated with, Broyhill and Drexel.

13. The Abstract Photographs are "pictorial, graphic, and sculptural works" entitled to copyright protection under 17 U.S.C. § 102(a)(5). (*See* true and correct copies of the Abstract Photographs are attached hereto at Exhibit C.)

14. Under the terms of Abstract's agreements with Broyhill and Drexel, the copyright to the Abstract Photographs remain the sole and exclusive property of Abstract. The Abstract Photographs were not taken as works for hire, therefore payment in full must be rendered before permission is granted to use the images and photographs.

15. As it is customary in the photography business, Abstract provided images of the Abstract Photographs to Broyhill and Drexel before receiving payment. The physical transfer of the Abstract Photographs, however, did not convey any rights in the Abstract Photographs in accord with 17 U.S.C. § 202.

4

16. Neither Broyhill nor Drexel obtained a license to use, display or publish the Abstract Photographs, and have refused to pay to Abstract for the Abstract Photographs.

17. On or about September 9, 2013, Furniture Brands International, Inc. and eighteen affiliated companies, including Broyhill and Drexel, filed a petition in the United States Bankruptcy Court for the District of Delaware, Case No. 13-12329.[1] Upon information and belief, Heritage purchased and/or assumed the assets of Furniture Brand and its affiliated companies, including Broyhill and Drexel, and assumed their contracts, including its contracts with Abstract. Heritage also took possession of the Abstract Photographs and began to use and display the photographs in marketing, promotion materials, mobile devices and on the Heritage Sites. Upon information and belief, Heritage knew that neither it nor Broyhill or Drexel had any ownership interest in, or license rights to the Abstract Photographs. It also knew that Abstract had not been paid for the Abstract Photographs or acted in reckless disregard as to whether Abstract had been paid.

18. After Broyhill and Drexel filed for bankruptcy protection, Abstract continued to do photography work for Heritage under the same contractual terms as it had with Broyhill and Drexel.

19. In July 2015, Abstract, through Stephen R. Mitchell, filed for federal copyright protection of the Abstract Photographs. United States Copyright Registration No. VAu 1-212-697 was duly and legally issued to Stephen R. Mitchell, effective July 13, 2015. Such Registration is

---

[1] On November 22, 2013, the Bankruptcy Court entered an order approving a change in the name of Furniture Brands International, Inc. to FBI Wind Down, Inc. The Bankruptcy Court also approved similar name changes for Broyhill and Drexel, which were changed to BFI Wind Down, Inc. and HDM Wind Down, Inc., respectively.

of public record and was further provided to Heritage in February 2016 and thereafter. (*See* a true and accurate copy of the Certificate of Registration, No. VAu 1-212-697, attached as Exhibit D.)

20. As the owner of the United States Copyright Registration No. VAu 1-212-697, Abstract has the sole and exclusive right to reproduce, distribute, display, and prepare derivative works based on the copyrighted work. 17 U.S.C. §§ 106 and 113.

21. Abstract's federal copyright Registration No. VAu 1-212-697 is *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

**B.     Heritage's Unlawful Conduct**

22. Heritage has, and continues to use, display, publish and distribute the Abstract Photographs despite the fact that Heritage has not paid for, or obtained any licensing rights to the photographs. In particular, Heritage has published and displayed the copyrighted Abstract Photographs in Heritage's promotional materials, including in the Drexel Heritage 24 Willow Crossing™ Collection, Catalog, the Drexel Heritage The European Market™ Collection, the Drexel Heritage upholstery 2013 supplement and the Drexel Heritage Viage™ Collection. Upon information and belief, the above collections and catalogs have been published substantially in various forms of media, which has earned signification revenue for.

23. Heritage also continues to use the Abstract Photographs in Heritage's promotional materials, multiple mobile devices, such as tablets and iPads, and on the Heritage Sites.

24. Heritage owns a website located at http://www.heritagehome.com.

25. Heritage also owns website located at drexelheritage.com and http://www.broyhillfurniture.com and http://www.drexelheritage.com.

26. Heritage operates and maintains webpages on Facebook, a popular social networking website, located at https://www.facebook.com/Broyhill and https://www.facebook.com/DrexelHeritageFurniture.

27. In addition to the Heritage Sites described above, the Abstract Photographs are also being used by Heritage's sales force, published and distributed by other third party companies, including their Internet websites. These third party companies include, but are not limited to, Marshall's Home Living (http://www.marshallshomeliving.com), Cantrell Furniture Design Center (http://www.contrellfurniture.com), Martin's Home Furniture (http://www.martinshomefurniture.com), and Denver Furniture Center (http://www.denverfurniturecenter.com).

28. Heritage also changed the color of many of the furniture pieces contained in the Abstract Photographs and renamed them, which are now posted on certain of the Heritage Sites. Upon information and belief, Heritage undertook these efforts in order to conceal the fact that it is infringing on Abstract's copyrighted works.

29. Upon information and belief, Heritage conveyed, or otherwise gave permission to these third party companies to use, publish or display the Abstract Photographs, knowing that it had no right to do so.

30. When it was discovered that Heritage was displaying, publishing for display and otherwise utilizing the Abstract Photographs without a license or permission, Abstract sent a letter via email to Heritage's copyright agent pursuant to the information on Heritage's website, stating that Heritage did not have any usage, display or publication rights, or any other rights whatsoever in the Abstract Photographs. For reasons unknown, the email did not go through.

31. Thereafter, in February, 2016, Abstract sent a letter to Heritage by overnight courier, stating that Heritage did not have any usage, display or publication rights, or any other rights whatsoever in the Abstract Photographs. Abstract demanded, among other things, that Heritage cease and desist using, displaying and publishing the copyrighted Abstract Photographs for which it did not pay Abstract.

32. In March 2016, upon Heritage's request, Abstract provided Heritage with proof of its copyright ownership of the Abstract Photographs. After providing Heritage with the information that it requested, Heritage promised to respond to Abstract after it had the opportunity to evaluate Abstract's claims. Months past with no response by Heritage to Abstract's demand to stop using and displaying the Abstract Photographs. Eventually, Heritage responded stating that it was still looking into the claims and that it would respond soon. Of course, Heritage continued to infringe on Abstract's intellectual property. As of the filing of this Complaint, Heritage has failed to Abstract's repeated demands to cease its use and publication of the Abstract Images.

33. Moreover, despite knowing that it has no rights to use or display the Abstract Photographs, Heritage claims on its website that it owns or has rights to all of the images on the Heritage Sites, including the Abstract Photographs. This claim is patently false and Heritage knows so.

34. Heritage has used and displayed the Abstract Photographs on the above-referenced Heritage Sites and in its other marketing materials including without limitation, the including in the Drexel Heritage 24 Willow Crossing™ Collection, Catalog, the Drexel Heritage The European Market™ Collection, the Drexel Heritage upholstery 2013 supplement and the Drexel Heritage Viage™ Collection.

8

35. Heritage continues to knowingly, willfully and intentionally utilize, publish, display and distribute the Abstract Photographs on the above-referenced Heritage Sites, third party websites and unknown others and in various marketing and advertising campaigns.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

36. Abstract realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 above as if set forth in full herein.

37. This cause of action for copyright infringement arises under the copyright laws of the United States, Title 17, U.S.C. § 101 *et. seq.*

38. Abstract was engaged by Broyhill and Drexel to photograph various furniture pieces for use in their marketing and promotional materials, including on their Internet websites.

39. Such engagements were reflected in the parties' agreements.

40. Pursuant to the agreements, Abstract took photographs of certain furniture pieces which are comprised of the Abstract Photographs, which upon information and belief, Heritage took possession of the Abstract Photographs knowing that Abstract had not been compensated for the photographs.

41. The Abstract Photographs are "pictorial, graphic, and sculptural works" entitled to copyright protection under 17 U.S.C. § 102 (a)(5).

42. Under the terms of the agreements, the Abstract Photographs and the copyrights to those photographs remain the sole and exclusive property of Stephen Mitchell and the Abstract Photographs were not works made for hire.

43. Abstract, through Stephen Mitchell, is the sole owner of United States Copyright Registration, VAu 1-212-697. Such Registration is of public record and the confirmation of Registration was provided to Heritage.

44. As the owner of the United States Copyright Registration No. VAu 1-212-697 of the Abstract Photographs, Abstract has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the copyrighted work. 17 U.S.C. §§ 106 and 113.

45. Abstract's federal copyright Registration No. VAu 1-212-697 is *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

46. As alleged above, Heritage had access to the Abstract Photographs and has used and displayed the Abstract Photographs in its marketing materials, including on many of the Heritage Sites, from upon information and belief, it has earned substantial revenue. Not only does Heritage continue to use and display the Abstract Photographs, but upon information and belief, Heritage conveyed, or otherwise gave permission, to third party companies to use and display the Abstract Photographs, knowing that it had no right to do so.

47. Heritage has no ownership in or licensing rights to the Abstract Photographs.

48. By the actions alleged above, Heritage has infringed, and continues to infringe, Abstract's copyright in the Abstract Photographs as protected under 17 U.S.C. § 101 *et. seq*.

49. Upon information and belief, Heritage's distribution, use and display of the Abstract Photographs as complained of herein has been willful and deliberate.

50. Heritage will continue to infringe the Abstract Photographs unless restrained by this Court.

51. Abstract has suffered damages, and will continue to suffer serious and substantial damages resulting from Heritage's acts of copyright infringement, including irreparable injury for which there is no adequate remedy at law.

52. Abstract's actual damages from the unlawful actions of Heritage described above, including lost profits, to the extent ascertainable, have not yet been determined. Alternatively, Abstract is entitled to, and may elect to pursue, statutory damages.

53. Abstract seeks attorneys' fees and costs given the willful infringement of Heritage.

## SECOND CLAIM FOR RELIEF
### (Right of Attribution)

54. Abstract realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 above as if set forth in full herein.

55. Abstract has a right of attribution under 17 U.S.C. §106A for any and all of its photographs to be attributed to its name.

56. Heritage knowingly, willfully and intentionally falsely attributed many of the Abstract Photographs.

## PRAYER FOR RELIEF

**WHEREFORE**, Stephen R. Mitchell d/b/a Abstract Studios, prays for relief against Heritage Home Group, LLC, as follows:

A. That the Court preliminary and permanent enjoin and restrain Heritage, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, from doing, abiding, causing or abetting any of the following:

1. Infringing, inducing or contributing to the infringement of Abstract's intellectual property;

2. Engaging in any acts or activities directly or indirectly calculated to infringe Abstract's intellectual property; and

3. Using in selling, offering for sale, promoting, advertising, marketing or distributing of press releases, articles, advertisements or marketing materials that infringe upon Abstract's rights;

B. That the Court find that Heritage is infringing on Abstract's intellectual property.

C. That the Court Order Heritage to deliver up to Abstract for destruction, at Heritage's expense, all newsletters, articles, web site materials, literature, brochures, promotional and marketing materials, advertisements and other communications to the public in the possession or under the control of Heritage, and any other material or any representations that are or may infringe Abstract's intellectual property, and immediately remove all of Abstract's intellectual property from all mobile devices and Heritage's websites.

D. That the Court Order Heritage to account for and pay to Abstract all damages to which Abstract is entitled as a consequence of the infringement.

E. That the Court Order Heritage to account for and pay statutory damages, to which Abstract is entitled as a consequence of the infringement of Abstract's U.S. Copyright Registration.

F. That the Court Order Heritage to account for and pay over to Abstract all profits received by Heritage from its unlawful acts.

G. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Heritage so as to prevent fraud on the Court and so as to ensure the capacity of Heritage to pay, and the prompt payment of, any judgment entered against Heritage in this action.

H. That the Court award Abstract its compensatory, incidental, and consequential damages.

I. That the Court award Abstract enhanced, treble, and/or punitive damages.

J. That the Court award Abstract its reasonable attorneys' fees and the costs of this action.

K. That the Court grant Abstract such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Abstract demands a trial by jury on all triable issues of fact.

Dated: September 8, 2016          **Stephen R. Mitchell d/b/a Abstract Studios**

                               By:    /s/ Mitchell J. Edlund
                                        One of its Attorneys

Mitchell J. Edlund (6229190)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-474-7900 - Telephone
312-474-7898 - Facsimile